**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**HENRY PRINGLE**     **PLAINTIFFS**

**V.**     **NO. 4:20-CV-129-DMB-DAS**

**METAL CRAFT BUILDING SYSTEMS
and HELENA CHEMICAL COMPANY**     **DEFENDANTS**

**V.**

**ENDURANCE AMERICAN SPECIALTY
INSURANCE COMPANY**     **GARNISHEE-DEFENDANT**

**ORDER**

On September 16, 2020, Henry Pringle and Endurance American Specialty Insurance Company filed in this garnishment action a joint motion for entry of an agreed final judgment which was submitted to the Court. Doc. #17. Pringle and Endurance represent that the proposed judgment has been ratified by Metal Craft Building Systems, the relevant insured in the case underlying the garnishment action. *Id*. at 4.

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (citations and quotation marks omitted) (citing *Williams v. City of New Orleans*, 729 F.2d 1554, 1559 (5th Cir. 1984), and *United States v. City of Miami*, 664 F.2d 435, 441 (5th Cir. 1981)).

The Court has reviewed the proposed agreed judgment and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also

concludes that the proposed judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed judgment is consistent with the nature of this litigation.

Accordingly, the joint motion [17] is **GRANTED**. The proposed agreed judgment will be entered. In accordance with the agreed judgment, Endurance's motion for judgment on the pleadings or in the alternative summary judgment [6] is **GRANTED in Part and DENIED in Part**. The motion is GRANTED to the extent it asserts coverage defenses to Endurance's alleged insurance liabilities. It is DENIED as moot in all other respects. Also in accordance with the agreed judgment, Pringle's motion to dismiss [8] is **DENIED as moot**.

**SO ORDERED**, this 17th day of September, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**