IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

HENRY PRINGLE                                                    PLAINTIFF-GARNISHOR

VS.                                                          CASE NO. 4:20-CV-129-DMB-DAS

METAL CRAFT BUILDING SYSTEMS, INC.
AND HELENA CHEMICAL COMPANY                                          DEFENDANTS

VS.

ENDURANCE AMERICAN SPECIALTY
INSURANCE COMPANY                                            GARNISHEE-DEFENDANT

## AGREED FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE

The Court has before it the following motions: 1. Plaintiff-Garnishor, Henry Pringle's (Pringle) Motion to Dismiss, [Doc. 8]; 2. Garnishee-Defendant, Endurance American Specialty Insurance Company's (Endurance) Motion for Judgment on the Pleadings or in the Alternative for Summary Judgment, [Doc. 6], and responsive pleadings to same [Doc. 9; 14; 15]; 3. the Parties have also filed a Joint Motion for Entry of Agreed Final Judgment of Dismissal with Prejudice [Doc. 17] and have submitted pursuant to Uniform Local Rule 52 a copy of the judgment they jointly request this Court to enter.

The Court has analyzed the respective positions of the parties in said answer, motions previously filed, and the Affidavit and Ratification executed by Harold Keith Howard a/k/a Keith Howard for himself and as President of the Endurance insured, Metal Craft Building Systems, Inc. (hereafter "Metal Craft") (agreeing to the substantive relief requested). The Court has also analyzed the arguments and authorities that the Parties have made in their joint request for entry of the final judgment of dismissal [Doc. 17]. Based upon due consideration of same, the Court finds as follows:

1.      This Court has jurisdiction over the Parties herein and subject matter jurisdiction as the matter is between Parties of diverse citizenship, and the matter is far in excess of jurisdictional minimum. 28 U.S.C. § 1332.

2.     The policy issued by Endurance to Metal Craft, number CBC20001069400, provides no coverage and does not impose upon Endurance any duty to investigate, defend or indemnify for any of the claims made or which could have been made in the underlying suit styled *Henry Pringle v. Metal Craft Building Systems, Inc. and Helena Chemical Company*, in Humphreys County, Mississippi, Circuit Court in Cause number 27CI1:17-cv-00021.

3.      Further, Endurance has no obligation to investigate, defend or indemnify for any claims, suits, garnishments, liens, debts, costs, expenses, attorneys fees and/or settlements, without limitation,  which have been or could ever be made or obtained by, through or on behalf of Pringle, directly or indirectly, at any time, for any injury or damages arising from or related to the January 13, 2017 ladder incident when Pringle, an employee hired by Metal Craft, was working for Metal Craft at a facility operated by Helena Chemical  Company a/k/a Helena Agroscience, Inc.

4.     The Court's holdings stated in the preceding paragraphs herein,   apply, without limitation, to any and all claims, suits, garnishments,  liens, debts, costs, expenses, attorney fees and/ or judgments made, incurred, obtained, in the past, present and future against Metal Craft and Keith Howard related to the judgment of August 14, 2018 and/or the writ of garnishment issued thereon by the Circuit Court of Humphreys County, Mississippi in cause number 27CI1:17-cv-00021 and/or arising from or related to the January 13, 2017 ladder incident, *sub judice*.

5.     Therefore, the Court also finds that, as a matter of law, this action and the writ of garnishment herein should be, and hereby are, dismissed with prejudice and that the remaining defenses in the answer are, thus, moot.  Thus, the Court agrees with the Parties that there is no need to address alternative, affirmative defenses (other than the coverage defense) raised by Endurance [Doc. 5; 6] and that those defenses are now moot.  The Court also agrees with the Parties that, in light of the coverage ruling, Pringle's Motion to Dismiss [Doc. 8], is also moot.

6.     The Court also agrees with the Parties and the Ratifying Non-Parties' position that .as to the coverage defenses alleged by Endurance, there are no material issues of fact and Endurance is,

thus, entitled to judgment as a matter of law. Thus, Endurance's Motion for Judgment on the Pleadings or, Alternatively, Summary Judgment [Doc. 6] is hereby granted solely on the coverage defenses as alleged by Endurance herein and as described above pursuant to Rules 12(c); 56 F.R.Civ.P. All defenses other that coverage alleged by Endurance need not be analyzed as they have become moot; provided that and Pringle's Motion to Dismiss [Doc. 8] is hereby denied as moot.

7.      Consistent with the Affidavit and Ratification of Metal Craft and its President Keith Howard agreeing to the substantive result here and further agreement to be bound by the ruling of this Court in this matter, the Court holds that both Metal Craft and Mr. Howard are bound by the judgment herein and that within seven (7) calendar days of the entry of this judgment that counsel for Endurance shall file a certification that Mr. Howard, personally and on behalf of Metal Craft have been served a copy of this judgment.

8.      The Court agrees with the joint request of the Parties that each party and the Ratifying Non-Parties shall each bear their own costs, expenses and attorney fees.

THIS the 17TH day of _September_, 2020.

_____
UNITED STATES DISTRICT JUDGE

Agreed to Form and Substance by All Counsel:

*Attorneys for Plaintiff-Garnishor*

/s/ S. Craig Panter
S. Craig Panter, MSB #3999
Panter Law Firm, PLLC

/s/ Joe N. Tatum
Joe N. Tatum, MSB #10308
Tatum & Wade, PLLC

*Attorneys for Garnishee-Defendant*

/s/ Dan W. Webb
Dan W. Webb, MSB #7051
Webb Sanders & Williams, PLLC